## THE STATE v. JOHN RICKEY.

### CERTIORARI.

There can be no division of real estate in the mode provided for by the act of 11th November, 1789, where the ancestor has given or advanced to his children in his life time, any part of his lands or tenements.

---

This was a certiorari, directed to the Hon. *Gabriel H. Ford,* one of the Justices of this Court, to remove the proceedings had before him on the application of Jacob Collyer, assignee of one of the heirs of Israel Rickey, deceased, for the appointment of commissioners (under the act of 11th of

---

* The action of trespass cannot be maintained unless the plaintiff have actual possession though he may have the freehold in law. See 2. *Phil. Evid.* 132; 9 *John.* 61, 11 *ib.* 569, 12 *ib.* 183, 7 *ib.* 377; *Esp. on Evi.* 180.

November, 1789 (entitled "an act for the more easy partition of lands, held by co-parceners, joint tenants, and tenants in common") to divide the real estate of said Israel Rickey, deceased ; together with the proceedings on that application. His honor *Justice Ford* sent up the following statement of facts. " I certify that no objection to either of the persons named for commissioners was insisted on before me. John Rickey objected against any partition under the act of 11th of November, 1789, because the intestate had advanced Hannah Roy and Sarah Southard, two of his children, in his life time, by conveying to each of them a part of his real estate, and these children were not entitled to any equal share in the residue with him who had not been advanced, according to the proviso in the first section of the act of 29th of January, 1817. The advancements alleged were satisfactorily established by production and proof of conveyances before me. Jacob Collyer then alleged that the intestate had given to John Rickey the possession and enjoyment, to his own use, of a large part of the real estate, for many years next preceding the intestate's death, the profits of which exceeded the value of the lands advanced to either of the other children, although he had no deed ; but an investigation of this matter on an application for partition, under the statute appeared to me improper, and no evidence of it was received."

The following reasons were assigned for setting aside the proceedings :

1. Because the *application* for a division of the said real estate was made by Jacob Collyer, assignee of one of the heirs of Israel Rickey deceased, under the act of the legislature of the state of New Jersey, entitled "an act for the more easy partition of lands held by co-parceners, joint tenants, and tenants in common, passed 11th of November, 1789, which provides for *an equal division* ONLY *of the estate sought to be divided*, whereas, in truth, two of the children of the said decedent, to wit, Hannah Roy and Sarah South-

ard had been advanced in real estate in the life time of the said decedent.

2. Because the *order of Justice Ford,* directed the commissioners to make *an equal division* of the estate according to the provisions of the act of 1789 above referred to, although it was manifest at the time of making the said order, that Hannah Roy and Sarah Southard two of the children of the said decedent had been advanced in real estate in the life time of the said decedent.

3. Because the said Hannah Roy and Sarah Southard two of the children of the said decedent having been advanced in land and real estate in the life time of the said decedent were by the act of 29th of January, 1817, entitled " an act directing the descent of real estates " entitled to only so much of the real estate of the said decedent as would be sufficient to make their shares respectively equal in value to the respective shares of the other issue in the same degree of consanguinity to the said decedent.

*Vroom,* for the reasons above assigned, moved to set aside the proceedings.

*W. W. Miller,* contra.

*Per curiam.*  The question for the decision of the court is, whether when it appears that some of the children of the decedent have been advanced by receiving real estate in his life time a judge can order a division of the decedent's lands under the act of 11th November, 1789.  It is the opinion of the whole court that the judge cannot order a division in that case.  The proceedings on this application must therefore be set aside.

                        Proceedings set aside.